Eott, J.,
delivered the opinion of the court:
Oases coming to a hearing on the report of a commissioner in this court are rare; yet, for the last five years, since the decision in Lawrence & Crowell’s Cases, (8 C. Cls. R., 252,) the practice has been uniform that parties dissatisfied with the facts found by the report will present their requests for additional findings at the hearing, and not afterward. The rule of the Supreme Oourt, indeed, prescribes that practice for all cases. But it was found in practice that parties could not always anticipate the course which a case might take, and consequently would omit requests for facts really essential to a review of the decision. Both sides would also encumber the record by needlessly asking for substantially the same findings in different forms, and the court, not being authorized to do anything under the rule but grant or refuse them, was constrained often to send up a double narrative of the same transaction. To relieve the bar from these embarrassments, and attain greater certainty and condensation for the benefit of the Supreme Oourt, this court has for some years taken upon itself the labor of finding the facts in the first instance, and has enlarged the time of parties for preferring their requests until after the formal hearing. (Rule XXXVII.)
But this privilege has never been understood to extend to cases where the facts have been found before the hearing by the commissioner. In such cases the parties have the benefit of knowing what facts to except to, and what facts to ask for, when the report is taken up for confirmation. Where neither party excepts to the commissioner’s findings, they stand; where either party excepts to a fact found, the court examiues the evidence and passes upon it as in an ordinary case; where a party also asks additional or different findings, the court allows or refuses them, as prescribed by the rule of the Supreme Court. This is the first time that any party has waited until after the *648 hearing, and then presented requests for additional facts. The requests, moreover, were not presented until after the decision had been announced, uor until after judgments had been entered. The claimants, moreover, have been put to the expense of paying the commissioner’s fees, which was a condition to the entry of their judgments, and no intimation was given when the decision was announced that any further finding was desired.
The court, for these reasons, is of the opinion that it would be warranted in refusing to pass upon the requests. Nevertheless, we have examined them, and, so far as it could be done without re-opening the cases, have ruled upon the merits of the application. But it is not to be nnderstood that this is a precedent for future practice. Hereafter, as heretofore, the report of a commissioner will furnish the basis of the facts to be certified upon an appeal, and if a litigant desires other or additional facts to be found by the court, the request to that end must be presented at the hearing.